**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **WILLIAM ENGLEHART** | : | |
| | : | |
| **v.** | : | **No. 07-231S** |
| | : | |
| **STATE OF RHODE ISLAND, ET AL** | : | |

**STATE OF RHODE ISLAND'S MOTION TO DISMISS**

Now comes Respondent State of Rhode Island, by and through its attorneys, and, for the reasons expressed in its accompanying memorandum, respectfully moves to dismiss Petitioner Englehart's Petition for a Writ of Habeas Corpus.[1]

Respectfully submitted,

**STATE OF RHODE ISLAND**

By its attorneys,

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

/s/ Aaron L. Weisman

Aaron L. Weisman, #4438
Assistant Attorney General
Department of Attorney General
150 South Main Street
Providence, RI 02903

[1] In accordance with Rule 5 of the Rules Governing Section 2254 Cases In The United States District Courts, the State is not aware of the existence of any transcripts of any relevant state court proceedings or any relevant appellate court briefs, opinions or orders.

**CERTIFICATION**

Pursuant to AP 10 of this Court, effective August 1, 2006, I hereby certify that on the 18th day of July, 2007, I filed this document electronically and that it is available for viewing and downloading from the ECF system. I also certify that on the 18th day of July, 2007, I placed a copy of the within document in the U.S. mail, postage prepaid, to William Englehart, Pro Se, ID#133854, P.O. Box 8249, Cranston, RI 02920.

/s/ Aaron L. Weisman

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **WILLIAM ENGLEHART** | : | |
| | : | |
| **v.** | : | **No. 07-231S** |
| | : | |
| **STATE OF RHODE ISLAND, ET AL** | : | |

**STATE OF RHODE ISLAND'S MEMORANDUM**
**IN SUPPORT OF ITS MOTION TO DISMISS**

To the best of the undersigned's knowledge and belief, Petitioner is serving a sentence in Massachusetts, and is alleging a violation of the Interstate Agreement on Detainers Act (IADA) on the ground that Massachusetts, allegedly in contravention of some provision of the IADA, sent him to Rhode Island for disposition of Rhode Island Criminal Case Number P2-1980-0052A (charging a violation of Rhode Island narcotic's provision). Such Rhode Island charge, as Petitioner states, was dismissed in the Rhode Island (Providence County) Superior Court on May 2, 2007, the day after Petitioner, on May 1, 2007, was sent from Massachusetts to Rhode Island. (*Please see* the Criminal Docket Sheet Report in Rhode Island Criminal Case Number P2-1980-0052A.) Petitioner, according to information received by the undersigned from an official at the Rhode Island Adult Correctional Institutions, was then subsequently returned to Massachusetts on June 15, 2007.

Because, then, it would appear that Petitioner is neither attacking a Rhode Island conviction, nor presently being held in Rhode Island, transfer of the within action to the United States District Court for the District of Rhode Island would seem to be appropriate.[2]

---

[2] ***Please see*** Sen-Tung v. United States, 755 F. Supp. 18, 19 (D.D.C. 1991)("A court may not entertain a habeas corpus action unless it has personal jurisdiction over the custodian of the

In any event, the State would respectfully suggest, because IADA claims are not cognizable under Section 2254 unless a Petitioner's IADA claim would result in a complete miscarriage of justice (*see* Cross v. Cunningham, 87 F.3d 586, 587-88 (1st Cir. 1996)), and Petitioner's habeas corpus pleading fails to allege any such complete miscarriage of justice, dismissal of the above-captioned action would be appropriate.

Wherefore, the State would respectfully ask that this Honorable Court dismiss the instant Petition for a Writ of Habeas Corpus.

---

prisoner."); Dunne v. Henman, 875 F.2d 244, 248 (9th Cir. 1989)(The "true custodian" for purposes of a habeas petition "is the official in the state whose indictment or conviction is being challenged."); s*ee also* Braden v. 30th Judicial Circuit Court, 410 U.S. 484 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody.").

Respectfully submitted,

**STATE OF RHODE ISLAND**

By its attorneys,

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

/s/ Aaron L. Weisman
________________________________

Aaron L. Weisman, #4438
Assistant Attorney General
Department of Attorney General
150 South Main Street
Providence, RI 02903

**CERTIFICATION**

Pursuant to AP 10 of this Court, effective August 1, 2006, I hereby certify that on the 18th day of July, 2007, I filed this document electronically and that it is available for viewing and downloading from the ECF system. I also certify that on the 18th day of July, 2007, I placed a copy of the within document in the U.S. mail, postage prepaid, to William Englehart, Pro Se, ID#133854, P.O. Box 8249, Cranston, RI 02920.

/s/ Aaron L. Weisman____