UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CASE NO. 07-00231S

---

WILLIAM F. ENGLEHART,

Petitioner, pro se,

v.

STATE OF RHODE ISLAND,

Respondents.

---

PETITIONER'S OPPOSITION TO
RESPONDENT'S MOTION TO DISMISS

---

NOW comes the petitioner, William F. Englehart, pro se, who states:

That his habeas corpus petition was filed while still in the custody of the Rhode Island authorities; and that the date appended to it is the date it was mailed.

The petitioner, who was, and is, seeking an evidentiary hearing to secure the necessary documents. That under 18 U.S.C., "Interstate Agreement on Detainers Act," would prove his claims as to the I.A.D.A. violations.

The State of Rhode Island, the respondents, may be correct pursuant to Guerra v. Meese, 786 F.2d 414 as to custodial liability ... But ... since Rhode Island

respondents were the custodians when the habeas corpus petition was actually mailed, the petitioner is correct.

The petitioner seeks the I.A.D.A. documents, pursuant to Casper v. Ryan, 822 F.2d 1283. Casper v.Ryan, supra, states:

> Art. 3(B) requires certified Return Receipt Requested mail to be used by custodial officials when forwarding the prisoner's request.

The petitioner never requested a final disposition of any detainer, so it is a fact that none exists.

> When the government has failed to fulfill its obligations under the Interstate Agreement on Detainers Act, a prisoner's rights should not be subject to intentional or negligent sabotage by government officials.

United States v. Smith, 696 F.Supp. 1834, at 1834-1835.

The petitioner's requests are clearly defined, and for the respondents to say they do not have the necessary documents that caused the petitioner to be hauled across state lines is ludicrous, and their motion to dismiss should be DENIED. And the petitioner's document request should be deemed a compelling order.

WHEREFORE, the petitioner prays this Honorable Court deny the respondent's motion to dismiss.

FURTHER, ORDER the respondent's to produce: the I.A.D.A. forms used by the state of Massachusetts as a final disposition request to the state of Rhode Island; the alleged request in writing, by the petitioner, requesting a final disposition of the Rhode Island detainer; the original warrant from 1980 for failure to appear; the 1979 bail ticket, as the petitioner was on bail; and any police reports concerning the arrest of the petitioner on August 15, 1979.

RESPECTFULLY SUBMITTED,

William F. Englehart pro se

William F. Englehart, pro se
Reg. No. W-88962
P.O. Box 9106
Concord, Ma. 01742

July 31, 2007

CERTIFICATE OF SERVICE

I, William F. Englehart, pro se, did on this 31st day of July, 2007, did send by first class mail, a copy of the Petitioner's Opposition To Respondent's Motion To Dismiss.

Sworn under the pains and penalties of perjury.

William F. Englehart, Pro, se,

William F. Englehart