UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| WILLIAM ENGLEHART | : | |
| | : | |
| v. | : | C.A. No. 07-231S |
| | : | |
| STATE OF RHODE ISLAND, et al. | : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

In this matter, Petitioner, William Englehart filed his Petition for Writ of Habeas Corpus on June 22, 2007. (Document No. 1). Petitioner is proceeding pro se. Defendant State of Rhode Island filed a Motion to Dismiss the Petition. (Document No. 6). Petitioner filed an Objection to the Motion. (Document No. 8). This matter has been referred to me for preliminary review, findings, and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and LR Cv 72(a). The Court has determined that no hearing is necessary. After reviewing the Memoranda submitted by the parties and considering relevant legal research, I recommend that the Motion to Dismiss (Document No. 6) be GRANTED and that Englehart's Petition be DISMISSED.

**Background**

Petitioner alleges that the "State of Massachusetts violated the Interstate Agreement on detainers Act," 18 U.S.C., app. 2, §§ 1-9 ("IADA"). (Document No. 1, ¶ 1). Specifically, Petitioner claims "the State of Massachusetts sent the petitioner to the State of R.I. without his signature of consent or any request by him, for disposition of the Rhode Island charges." Id. ¶ 2. Petitioner asserts that certain Rhode Island criminal charges against him were dismissed on May 2, 2007. Id. ¶ 4. At the time that this action was filed, Petitioner was briefly located at the Rhode Island Adult Correctional Institutions, but was awaiting transfer back to Massachusetts. (See Document No. 2).

Petitioner claims that because of the IADA violation, he is being unlawfully held and should be released from confinement. (Document No. 1, p. 3). Additionally, Petitioner requests that he be granted an evidentiary hearing, "to secure the necessary documents." (Document No. 8). Petitioner is currently incarcerated in Massachusetts.

**Discussion**

Englehart's Petition suffers from two fatal defects: first, 28 U.S.C. § 2254 provides only limited relief for a prisoner's IADA claims. In order to qualify for consideration in a habeas corpus petition, a petitioner's IADA claim must concern a "fundamental defect which inherently results in a complete miscarriage of justice." Reed v. Farley, 512 U.S. 339, 354 (1994). Englehart's Petition fails to set forth any facts or evidence that his brief transfer to Rhode Island resulted in a complete miscarriage of justice. The only facts set forth in his Petition indicate that he was transferred to Rhode Island without his consent, which resulted in his Rhode Island charges being dismissed. Because Plaintiff failed to provide the Court with sufficient facts or evidence in this regard, 28 U.S.C. § 2254 does not provide a remedy for an alleged violation of the IADA, and I recommend that the claims be dismissed as lacking legal merit.

Moreover, the Petition suffers from a second fatal defect: Petitioner is claiming that Massachusetts authorities violated the IADA, not Rhode Island authorities. In fact, Petitioner is not challenging a Rhode Island state court conviction, but is instead alleging that his legal rights were violated by the Commonwealth of Massachusetts. Petitioner is currently incarcerated in Massachusetts, and this Court presumes that either he is a Massachusetts pretrial detainee or he was convicted and sentenced by a court in Massachusetts. Although Petitioner was temporarily within the custody of Rhode Island authorities when this action was filed, it is clear that he is challenging actions taken by Massachusetts authorities and that he is presently confined in Massachusetts. For

these reasons, the Rhode Island federal court is not the proper forum for Englehart's habeas petition. See Chatman-Bey v. Thornburgh, 864 F.2d 804, 813 (D.C. Cir. 1988) ("the habeas court must have personal jurisdiction over the 'custodian.'); see also Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973).

For these reasons, I recommend that the State of Rhode Island's Motion to Dismiss (Document No. 6) be GRANTED and that Englehart's Petition be DISMISSED. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Lincoln D. Almond
Lincoln D. Almond
United States Magistrate Judge
August 15, 2007