UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

PROVIDENCE. R.I

C.A. No. 07-231S

William F. Englehart
Plaintiff PRO-SE.

V

State of Rhode Island. Et. Al.
Respondents.

PLAINTIFFS OBJECTIONS TO MAGISTRATES DECISIONS AND RULINGS

Plaintiff RECEIVED THE MAGISTRATES RULINGS ON 9/5/07 AND WAS GIVEN 10 DAYS IN WHICH TO FILE OBJECTIONS TO SAME. FROM TIME OF RECIEPE OF THE RULINGS. TODAY IS 9/8/07.

THE MAGISTRATE CONTINUES TO REFER TO THE FILING DATE OF THE PLAINTIFFS HABEAS CORPUS PETITION AS 6/22/07 WHICH IS INCORRECT. THE PLAINTIFF WAS RETURNED TO MASSACHUSETTS. ON 6/15/07. AND HIS HABEAS. CORPUS WAS FILED ON 6/8/07 WHILE STILL IN THE CUSTODY OF THE RHODE ISLAND AUTHORITIES AND DATE ON THE PETITION ITSELF IS THE FILING DATE WITH PRISONER LITIGATION: "BOUNDS V SMITH"
THE PLAINTIFFS MAIL IS BEING SENT TO HIS BROTHERS ADDRESS IN BROCKTON. MA. AND FORWARDED TO THE PLAINTIFF, EVEN THOUGH...

THE PETITIONER GAVE THE COURT HIS PRISON ADDRESS.

THE COURTS RULING THAT ONLY LIMITED RELIEF FOR A PRISONERS [IADA] CLAIMS CAN BE PROVIDED IS ERRONIOUS. INTERSTATE AGREEMENT ON DETAINERS ACT IS A FEDERAL LAW WITH MANDATED SANCTIONS FOR VIOLATIONS. AND CONGRESS WROTE, PASSED THE LAW AS A COMMAND. AS THE WORD "SHALL" IS COMMANDING

THE MAGISTRATES FUNDAMENTAL DEFECT RULING. IS EXACTLY WHAT WAS BEFORE HIS COURT, AND IS NOW BEFORE THIS COURT. THE RESPONDENTS TOOK IT UPON THEMSELVES TO FALSIFY. A SET OF [IADA] FORMS. WITHOUT THE PRISONER REQUESTING, AS MANDATED, FOR A FINAL DISPOSITION OF THE RHODE ISLAND DETAINER

ART 3. OF [IADA] SETS FORTH IN ABSOLUTE TERMS THE PRISONERS RESPONSIBILITY. WHERE ART 3 (B) SETS FORTH, AND COMMANDS, THE CUSTODIAL OFFICIAL "SHALL" PROMPLY FORWARD IT, "RETURN RECIEPT REQUESTED."

ALABAMA. V. BOZEMAN. SUPRA AT. 153

SINCE THE PETITIONER "NEVER" REQUESTED A FINAL DISPOSITION AND THE RESPONDENTS FALSIFIED THE PAPERS; IT IS BEYOND DISPUTE. THAT NO SUCH REQUEST EVER EXISTED.

THE DOCTRINE OF WAIVER

THE DOCTRINE OF WAIVER, AND ABANDONMENT IS NOW IN EFFECT: THE WAIVING STATS ACTIONS MUST BE

SO AFFIRMITIVELY WRONG OR ITS ACTIONS OR INACTIONS SO GROSSLY NEGLIGENT THAT IT WOULD BE "UNEQUIVICALLY INCONSISTENT WITH FUNDMENTAL PRINCIPLES OF LIBERTY AND JUSTICE TO REQUIRE A LEGAL SENTENCE TO BE SERVED. IN THE AFTERMATH OF SUCH ACTIONS OR INACTIONS

PIPER V. ESTELLE. 485. F2D. AT 246.

THE REPONDENTS NOT ONLY VIOLATED THE LAW THAT CONGRESS PASSED. BUT SNEERED AT IT TO THE POINT OF MISREPRESENTING IT. AND THE MATERIAL FACT THAT THE PETITIONER NEVER REQUESTED A FINAL DISPOSITION OF THE RHODE ISLAND DETAINER AND CONTINUED TO CONCEAL THAT FACT WITH THE INTENT THAT IT BE ACTED UPON BY A THIRD PARTY. WITHOUT KNOWLEDGE OF THE TRUE FACTS.

WHEREFORE THE PETITIONER PRAYS THAT THIS COURT WILL. FOLLOW THE LAW IN THIS MATTER, AND ALLOW THE PETITIONER TO GO FORWARD WITH HIS HABEAS CORPUS CLAIM. THAT HE IS BEING HELD ILLEGALLY. BY THE RESPONDENTS. WHO RELEASED HIM FROM HIS SENTENCE ON MAY 1st 2007. BY GIVENING HIM TO THE STATE OF RHODE ISLAND. WHO'S DETAINER CHARGE WAS DISMISSED (by,) BY A RHODE ISLAND SUPERIOR COURT JUDGE, ON MAY 2ND 2007

ART. 3 § E. WAS ALSO REQUIRED AS A COLLATERAL PURPOSE OF PRISONERS RETURN TO THE SENDING STATE "VOLUNTARILY" AS A CONSEQUENCE OF REQUESTING FOR A FINAL DISPOSITION OF THE DETAINER WHICH THE PETITIONER NEVER DID!

DATED. 9/8/07

RESPECTFULLY SUBMITTED

WILLIAM F. ENGLEHART PRO.SE.
ONE ADMINISTRATION ROAD
BRIDGEWATER MA- 02324

William F. Englehart

UNITED STATES DISTRICT COURT
PROVIDENCE. RHODE. ISLAND.

C.A. No.- 07-231s

William F. Englehart- Plaintiff. PRO. SE.

V.

State of Rhode Island Et. AL Respondents

MEMORANDUM. of LAW in Support of Petitioners OBJections To MAGistrates. DENIAL AND RECOMENDATIONS.

THE CLEAR AND SIMPLE LANGUAGE of § 2254 AUTHORIZING HABEAS CORPUS Relief ON GROUND THAT THE PRISONER is in Custody in Violation of THE LAWS of THE United States.
DAVIS V. U.S. 94. S.Ct. 2298.

THE DUE PROCESS CLAUSE of THE Constitution Affords Laws, ALL Laws, FEDERAL AND State, its Guarantees
Com. v- Martins 500. N.E.2D 282.[MA. 1986]

Due PROCESS iNCludes MORE THAN THE Right TO FAIR PROCEEDURES: AVERSA V U.S 99 F3D. 1200.[1st CIR 1996]
DANIELs v. Williams 106 S.Ct. 662.

WHEN THE GOVERNMENT HAS FAILED TO forfill its OBLIGATIONS UNDER THE "Interstate Agreement on Detainers Act" A PRISONERS RIGHTS UNDER [IADA] SHOULD NOT BE SUBJECT TO INTENTIONAL OR NEGLIGENT SABOTAGE by GOVERNMENT officials: 696 F.SUPP. 1834. At 34-35.

formal Requirements must be meet before TRIAL Provisions of [IADA] COME INTO PLAY.
TINGHETELLA V. Calif. 718. F2D. 308

THE SIGNING of A FINAL DISPOSITION REQUEST is ALSO A WAIVER of EXTRADITIONS. NOT ONLY TO BE SENT TO THE WANTING STATE, but ALSO TO BE RETURNED TO THE SENDING STATE, "Voluntarially"

THE U.S. SUPREME COURT HAS ENFORCED THE LITERAL TERMS of [IADA]. SEE MAURO. 98. S.Ct 1843.

ANY ADDITIONAL REQUIREMENTS SUCH AS PREJUDICE is FOUND, NIETHER IN THE AGREEMENT itself. NOR IN its INTERPRETATIONS 436. U.S. At 364.

THE WAIVER DOCTRINE: A. state PRESUMPtively WAIVES JURISDICTION OVER A DEFENDANT ONLY WHERE THE STATE RELEASES A PRISONER BEFORE THE EXPERATION of His SENTENCE.

THE WAIVING STATES ACTIONS MUST BE SO AFFIRMITIVELY WRONG. OR its ACTIONS OR INACTIONS, SO GROSSLY NEGLIGENT. THAT it WOULD BE UNEQUIVICALLY INCONSISTENT WITH FUNDAMENTAL PRINCIPLES of LIBERTY AND JUSTICE TO REQUIRE A LEGAL SENTENCE TO BE SERVED IN THE AFTERMATH of SUCH ACTIONS OR INACTIONS: PIPER: 485 F2D At 246

THE MISREPRESENTATIONS. of MATERIAL fact, SUCH AS Exists IN THE CASE BEFORE YOU; AND MADE WITH THE CONSTRUCTIVE INTENT TO CONCEAL. AND BE ACTED UPON BY A THIRD PARTY WITHOUT THE KNOWLEDGE of THE TRUE fact. THAT THE PETITIONER AS REQUIRED UNDER ART(3)(B) [IADA] NEVER REQUESTED A FINAL DISPOSITION of THE Rhode Island DETAINER

THE REQUIREMENT THAT ACTIONS TAKEN by A STATE AGENCY MUST BE CONSISTENT WITH FUNDAMENTAL PRINCIPLES of LIBERTY AND JUSTICE Shields V Beto 370 F2D 1003.

Respectfully
William F. Englehart
Pro-se

Certificate of Service.

I William F. Englehart did on this date 9/8/07, filed and sent:

1) Motion of objection to Magistrates Decision and Rulings; To Rhode Island Attorney Generals Office: and the U.S. District Court.

Sworn to under the pains and penalties of perjury

Signed

dated, 9/8/07

William F. Englehart
Pro, Se.